UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Wilbert Glover,

        Plaintiff,

v.

Richard Rodriguez, et al.,

        Defendants.

Case No. 22-cv-1454 (NEB/TNL)

**ORDER**

---

William Glover, 435 University Avenue East, St. Paul, MN 55130 (pro se Plaintiff); and

Robert B. Roche, Ramsey County Attorney's Office, Civil Division, 121 Seventh Place East, Suite 4500, St. Paul, MN 55101 (for Defendants Richard Rodriguez, Tanner Hendrikson, Ross Alberts, Brad Lindberg, Brad Trelstad, and Ramsey County).

---

## I. INTRODUCTION

This matter is before the Court on Plaintiff Wilbert Glover's "Motions to Amend to Add Punitive Damage." Mot., ECF No. 26. For the reasons set forth below, the Court denies the motion.

On May 27, 2022, Plaintiff filed a Complaint against officers Richard Rodriguez, Tanner Hendrikson, Ross Alberts, Brad Lindberg, and Brad Trelstad, as well as Ramsey County. Compl., ECF No. 1. In brief, Plaintiff alleges that he "was arrested and booked on false charges with no evidence," and was assaulted by officers while at the Ramsey County Adult Detention Center. *Id*. at 5-10. Plaintiff brings claims against Defendants pursuant to 42 U.S.C. § 1983 for deprivation of his civil rights, and 42 U.S.C. § 1981 for

1

discrimination under the law.  *Id*. at 4.  Plaintiff seeks "$10,000,000.00 dollars," and "compensatory nominal and punitive damages."  *Id*. at 5.

On January 20, 2023, Plaintiff filed the instant "Motions to Amend to Add Punitive Damage."  Mot. at 1.  His motion reads in full as follows:

> Injuries and damages which Plaintiff alleged to have received:
>
> - Plaintiff's exercise of constitutional right that was the motive for the adverse action
>
> - Despite the violation of it's [sic] policies Ramsey County
>
> - Plaintiff's Wilbert Glover physical mental and blood condition state emotional distress, depression and anxiety adverse circumstances
>
> Attached Exhibit A, B, B2, C, D, E, F and G.

*Id*. at 1-2.  Plaintiff's exhibits include his "personal prescription information," responses to a Generalized Anxiety Disorder Assessment, and responses to a Patient Health Questionnaire.  *See generally* ECF No. 27.

Defendants Richard Rodriguez, Tanner Hendrikson, Brad Lindberg, Brad Trelstad, and Ramsey County oppose Plaintiff's motion to amend his Complaint to add punitive damages on three grounds.  *See* Defendants' Mem. in Opp., ECF No. 28.  First, Defendants argue that Plaintiff's motion is moot because Plaintiff already pled a claim for punitive damages in his Complaint.  *Id*. at 1-2.  Second, Defendants argue that Plaintiff's motion is untimely because all motions to amend were required to be served and filed on or before December 1, 2022.  *Id*.  Third, Defendants argue that Plaintiff's motion is deficient procedurally because Plaintiff did not set forth any new factual allegations for his proposed

2

amended pleadings that would purport to support a claim for punitive damages. *Id*. at 2-3. Defendants contend further that Plaintiff failed to include a copy of his proposed amended complaint or a copy of the amended pleading that highlights how the proposed amended pleading would differ from the operative pleading. *Id*.

## II. ANALYSIS

Punitive damages are authorized in connection with §§ 1981 and 1983 claims. *See, e.g.*, *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 526 (8th Cir. 2019); *Le-Vert-Woitalla v. Carver Cty.*, No. 11-cv-238 (JRT/JJK), 2011 WL 13233268, at *5 (D. Minn. July 7, 2011). A request to add punitive damages in connection with federal claims is governed generally by Rule 15 of the Federal Rules of Civil Procedure. *Le-Vert-Woitalla*, WL 13233268, at *5. Rule 15 provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Despite this liberal standard, a party does not have an absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). It is well established that a motion to amend should be denied if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). The determination as to whether to grant leave to amend pursuant to Rule 15 is within the sound discretion of the district court. *See, e.g.*, *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016).

While Defendants do not concede that Plaintiff is entitled to recover punitive damages in connection with his federal claims, they argue that Plaintiff's motion is moot because "Plaintiff has already pled a claim for punitive damages as to his federal claims in his initial Complaint." *See* Defendants' Mem. in Opp. at 2. The Court agrees. Plaintiff's "Motions to Amend to Add Punitive Damage" is moot because he already pled a claim for punitive damages as to the federal claims in his Complaint by seeking "compensatory nominal and *punitive* damages." *See* Compl., ECF No. 1 at 5 (emphasis added). Because Plaintiff's proposed amendment is moot, his motion to amend his Complaint is denied.

Even assuming that Plaintiff's motion was not moot, the Court would deny Plaintiff's motion on other grounds. For one, the motion is untimely under the scheduling order. The Court's Pretrial Scheduling Order set the deadline for filing motions for leave to amend the pleadings, including motions for leave to amend to add punitive damages claims, as December 1, 2022. ECF No. 18 at 3. Plaintiff filed his motion nearly two months later, on January 20, 2023. While leave to amend should be given freely under Rule 15(a)(2), when the motion comes after the deadline, it amounts to a *de facto* attempt to amend the scheduling order, implicating the good cause requirement of Fed. R. Civ. P. 16(b)(4). *See Sherman*, 532 F.3d at 716; *see also Target Corp. v. LCH Pavement Consultants, LLC*, 960 F.Supp.2d 999, 1004 (D. Minn. 2013). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *see Sherman*, 532 F.3d at 716-17 (citation omitted). Plaintiff offered no explanation as to why his motion is untimely. Nor has he otherwise demonstrated good

4

cause for his failure to comply with the Court's deadline for motions to amend the pleadings. *See Target*, 960 F.Supp.2d at 1006-07 ("Allowing a party to bring a motion to amend outside the applicable scheduling order's deadline without showing that the party diligently tried but was unable to comply with that deadline would potentially undermine the[] fundamental principles of our civil justice system.")

Moreover, as Defendants point out, Plaintiff's motion fails to comply with the District Court's Local Rules. Local Rule 15.1(b) states that a "motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows – through redlining, underlining, strikeouts, or other similarly effective typographic methods – how the proposed amended pleading differs from the operative pleading." D. Minn. LR 15.1(b). Plaintiff did not provide the Court either copy.

In sum, Plaintiff's motion to amend his Complaint to add punitive damages fails for several reasons. Plaintiff's motion is moot because his Complaint already seeks punitive damages. Plaintiff's motion is also untimely under the scheduling order, and he has not demonstrated good cause to permit any amendments. Moreover, Plaintiff failed to comply with the Court's Local Rules in filing his motion. Accordingly, Plaintiff's motion is denied.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motions to Amend to Add Punitive Damage," ECF No. 26, is **DENIED**.

2. The exhibits Plaintiff filed in connection with his motion, ECF No. 27, shall remain sealed permanently.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: June   21  , 2023

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Glover v. Rodriguez et al.*
Case No. 22-cv-1454 (NEB/TNL)